UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**



FEB 15 2012

*************************************************************

|  |  |  |
|---|---|---|
| MICHAEL D. SMITH | * | CIV. 10-4131 |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| vs. | * | ORDER |
|  | * | (Plaintiff's Motion for Attorney's Fees) |
|  | * | Doc. 22 |
| MICHAEL ASTRUE, | * |  |
| Commissioner of Social Security, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

*************************************************************

Pending is attorney Catherine Ratliff's Motion for Attorney's Fees and Expenses (Doc. 22). Ms. Ratliff requests an award of attorney's fees in the amount of $14,638.75 [1] plus sales tax in the amount of $878.32 in state and local sales tax, pursuant to the Equal Access to Justice Act (hereafter "EAJA"), 28 U.S.C. § 2412(d). Ms. Ratliff expressly waives any claim to expenses and the filing fee. *See* Doc. 23-1, ¶¶ 6-7.   Attorney Ratliff does not specifically request the attorney fee award be paid directly to her. The Government has filed an objection. Doc. 24.

## BACKGROUND

Plaintiff Michael Smith filed a claim for disability insurance benefits.   After an Administrative Law Judge (ALJ) denied benefits and the Appeals Council denied review, Smith, then represented by Attorney Ratliff, appealed the ALJ's decision to this Court pursuant to 42 U.S.C. § 405(g). Smith sought reversal of the Commissioner's final decision or remand of the case for a further hearing, and an award of attorney's fees under the EAJA on the grounds that the Commissioner's action was not substantially justified. (Doc.1). After the case was fully briefed (Docs. 13, 17 & 18), this Magistrate Judge recommended to the District Court that the case be

---

[1] These amounts include the original amount requested in Plaintiff's Motion (Doc. 22) and the amount requested in Plaintiff's Reply Brief (Doc. 25), which incorporated the time Plaintiff's counsel spent preparing a response to the Commissioner's resistance to his Motion for Attorney's Fees, plus applicable sales tax on all fees.

remanded to the agency for reconsideration. (Doc. 19). On September 20, 2011, the District Court entered an Order reversing and remanding the case to the Commissioner pursuant to § 405(g). Doc. 20 and Doc. 21.

On October 10, 2011, Attorney Ratliff filed this motion requesting an award of attorney's fees pursuant to EAJA. Ratliff's time record, setting forth the time she spent on this social security appeal, is attached to her Declaration (Doc. 23-1) and to her Reply Brief (Doc. 25). Ratliff also requested compensation for the two additional hours spent preparing the Reply Brief. Doc. 25, p. 5.

## DISCUSSION

Pursuant to EAJA, a court:

shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other that cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Attorney Ratliff timely filed her petition for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(B) (within thirty days after final judgment).[2] Accordingly, Plaintiff's attorney is entitled to fees and expenses if (1) Plaintiff was the prevailing party; and (2) the Commissioner's position was not substantially justified.

The Supreme Court has held that a social security claimant who obtains a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency is a "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The Court's September 20, 2011, Order was entered pursuant to sentence four of § 405(g).

---

[2]The Government objected to Ratliff's motion for attorney's fees because it was filed prematurely. The Government noted the motion was filed before the Judgment became "final and not appealable"–a date which was calculated by the Government to be November 21, 2011. The Government did not, however appeal the Judgment on or before November 21, 2011. Ratliff's motion is therefore ripe for decision.

2

Upon entry of the September 20 Order, Plaintiff became a prevailing party entitled to seek attorney's fees under EAJA. *Id.*

The Commissioner bears the burden of proving his position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). Substantially justified in this context does not mean the same thing as substantial evidence in the context of the underlying proceeding. Here substantially justified means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) *quoting Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The standard is whether the Commissioner's position is well founded in law and in fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003); *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). The Commissioner's position must be substantially justified at both the administrative and litigation levels. *Iowa Express Distribution, Inc. v. NLRB*, 739 F.2d 1305, 1309 (8th Cir. 1984).

Plaintiff's case was remanded for several reasons. Among the reasons: (1) the ALJ disregarded the guidelines mandated by 20 CFR § 404.1527(d) and substituted his own opinion for those of Plaintiff's treating and examining physicians, which constituted reversible error; (2) the ALJ relied on Dr. Alvine's October 1, 2007 medical note to determine Plaintiff was able to return to full-time, light duty work, when in reality Dr. Alvine's note limited Plaintiff to twenty-five hours per week.

An EAJA attorney fee petition is not an opportunity to relitigate the merits of the case, but to persuade the Court why the Commissioner's position was substantially justified. *McCormick v. Principi*, 16 Vet. App. 407, 411 (2002). In the litigation phase, "[f]ailure to consider a known impairment in conducting a step-four inquiry is, by itself, grounds for reversal." *Spicer v. Barnhart*, 64 Fed. Appx. 173, 178 (10th Cir. 2003). *See also, Washington v. Shalala*, 37 F.3d 1437, 1439-40 (10th Cir. 1994) . In the attorney fee phase, a position taken by the Commissioner which fails to comply with the Social Security Administration's own regulations, coupled with established legal

3

precedent which is contrary to the Commissioner's actions cannot be deemed "substantially justified" for purposes of the EAJA. *Johnson v. Astrue*, 2011 WL 2433498 (N.D. Ill); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner's position was not substantially justified. The Commissioner's position was not substantially justified because it disregarded the Social Security Administration's own regulations and well-established legal precedent. *Johnson v. Astrue*, 2011 WL 2433498 (N.D. Ill); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

The Court must next determine whether the amount requested by Attorney Ratliff is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not object to the hourly rate calculated and requested by Ratliff ($175), but does object to the number of hours (81.65) Attorney Ratliff spent working on the case .

The basis of this objection is the Commissioner's assertion that a "typical" Social Security case should be handled in between 20-40 hours. The Commissioner cites *Hayes v. Sec. of Health and Human Services*, 923 F.2d 418, 420 (6th Cir. 1990). The Commissioner repeatedly refers to this case as "nothing particularly unusual" and "routine" and therefore asserts the amount of time Ratliff devoted to it is extraordinary and/or unreasonable.

First, the Court does not agree that the case was necessarily "routine." Smith's injury involved his eyes, upper extremities, and spine and his three social security applications were interrupted and complicated by his own incarceration, the death of his first attorney, and res judicata principles. His final application (the instant case) was not a run-of-the-mill decision but one which included a disability analysis for three distinct disability periods, a failed surgical procedure, and evaluation for an eight step sequential analysis which included medical improvement. That a file required more than 40 hours does not automatically render the time spent "unreasonable" and this case is not an exception to that rule. *See e.g., Ferrigno v. Astrue*, 2008 WL 3345014 (D.S.D.) (63 hours); *Emberlin v. Astrue*, Civ. 06-4136 (D.S.D.) (77 hours). The Commissioner insists the total time spent by Ratliff is unreasonable but fails to identify any ***specific*** time entry that is unreasonable or unnecessary. The Court has carefully reviewed Ratliff's time record and finds that the time

4

expended and the hourly rates are reasonable. The award of attorney fees shall constitute a complete release from and bar to any claims Plaintiff may have relating to EAJA fees and expenses arising out of this social security appeal.

Sales tax is allowed pursuant to the EAJA. *Holmberg v. Bowen*, 687 F.Supp.1370 (D.S.D. 1988). Pursuant to Ratliff's request, Plaintiff is awarded attorney's fees in the amount of $14,638.75 plus sales tax in the amount of $878.32.

The Commissioner also objects to payment of the fees and expenses directly to Attorney Ratliff in light of *Astrue v. Ratliff*, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). In *Ratliff* the United States Supreme Court found that EAJA fees are payable to the litigant and are therefore subject to a Government offset to satisfy a pre-existing debt the litigant owes to the United States. In this case, Ratliff has not requested the fees be paid directly to her. The fees and sales tax, therefore, shall be paid to the Plaintiff.

## **ORDER**

Accordingly, IT IS ORDERED:

1.  The motion for attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d) (Doc. 25) is GRANTED and Plaintiff is awarded attorney fees in this social security appeal in the total amount of $14,638.75 and expenses (sales tax) of $878.32. These amounts shall be payable to Plaintiff, pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

Dated this __15__ day of February, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge

5